# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALOME NZEBA KAPEPULA | : | |
| 16911 Crabbs Branch Way | : | |
| Derwood, MD 20855, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO: 22-cv-04741 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CITY OF LANCASTER | : | |
| 120 North Duke Street | : | |
| Lancaster, PA 17603, | : | |
| | : | |
| - and - | : | |
| | : | |
| LANCASTER POLICE DEPARTMENT | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603, | : | |
| | : | |
| - and - | : | |
| | : | |
| DEREK R. KANUCK, Individually and in | : | |
| his official capacity as an Officer for the | : | |
| Lancaster Police Department | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603, | : | |
| | : | |
| - and - | : | |
| | : | |
| OFFICER JOHN DOES 1-10 | : | |
| c/o Lancaster Police Department | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603, | : | |
| | : | : |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## **COMPLAINT – CIVIL ACTION**

## **JURISDICTION AND VENUE**

1. Jurisdiction is based on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. The events, acts and omissions that give rise to Plaintiff's claims and form the subject matter of this action occurred in Lancaster, Pennsylvania.

3. Venue is proper in the Eastern District of Pennsylvania because a substantial part of the events, acts and omissions that give rise to Plaintiff's claims and form the subject matter of this action occurred in this judicial district.

## PARTIES

4. Plaintiff, Salome Nzeba Kapepula (hereinafter "Plaintiff Kapepula"), is an adult individual and citizen and resident in the State of Maryland.

5. Defendant, City of Lancaster (hereinafter "Defendant Lancaster"), is a political subdivision and governmental or other jural entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business at 120 North Duke Street, Lancaster, PA 17603.

6. Defendant, Lancaster Police Department (hereinafter "Defendant LPD") is the political subdivision and governmental or other jural entity organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business at 39 W. Chestnut Street, Lancaster, PA 17603.

7. Defendant, Derek R. Kanuck (hereinafter "Defendant Kanuck" or "Officer Kanuck"), is an adult citizen and resident of the Commonwealth of Pennsylvania and was, at all relevant times hereto employed as an Officer and/or Detective for Defendants LPD and Lancaster. Defendant Kanuck is sued in his individual capacity. At all times, Defendant Kanuck's actions and/or inactions were taken under color of state law.

8. Defendant Officer John Does 1-10 (hereinafter "Defendants Does" or "Officers Does"), a fictitious designation, were officers and/or detectives of Defendant LPD involved in and contributed to the events which gives rise to this action, namely the arrest and actions attendant thereto of Plaintiff Kapepula on or about October 2, 2021. Plaintiff Kapepula does not presently know the names of these defendants despite having conducted a reasonable search with due diligence but will seek leave to amend the Complaint so as to name each appropriate defendant after additional discovery. These defendants are being sued in their individual capacity and at all times were acting under the color of state law.

## BACKGROUND

9. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

10. Defendant Lancaster is a governmental entity organized and existing under the laws of the Commonwealth of Pennsylvania. In turn, Defendant Lancaster is responsible for the development, operation, and supervision of the policing powers.

11. Defendant LPD is responsible for setting policy, procedures and directives for the operation of its police officers and to ensure that policies, procedures and directives established are enforced for the exercise of their police duties; and, are responsible for the development and implementation of policies and procedures concerning the selection, evaluation, training and supervision of individuals employed as police officers. This includes when; under what circumstances; and in what manner an officer is permitted to use force against an individual. This also involves the proper procedure for responding to a dispatch call

12. Defendants Kanuck and Does, in their capacity – at the time as police officers for Defendant LPD – are charged with the enforcement of the laws of the Commonwealth of

Pennsylvania, in a fair, just and equitable manner consistent with the rights afforded all individuals by the Constitutions of the United States of America and the Commonwealth of Pennsylvania; and, were acting, at all times relevant hereto, under color of law and color of their authority as police officers of Defendant Lancaster.

13.  Defendant LPD should have had established or enforced established policies, procedures and/or guidelines concerning the nature of the conduct and interaction of any police officer has with any individual in the discharge of their duties; and, in particular, in the manner in which incidents are investigated; when individuals are to be taken into custody and or arrested; and, when; under what circumstances; and in what manner on officer is permitted to use force against an individual. Additionally, policies, procedure and/or guidelines exist or should have existed concerning the review and supervision of the actions of individual officers to ensure that they were conforming to established police department policies, procedures and/or guidelines and were discharging their duties in an appropriate and lawful manner.

## FACTS

14.  At all times relevant hereto, Plaintiff Kapepula was a lawful, short-term resident at 4 S. Franklin Street, Lancaster, PA 17602 (hereinafter, "the Property").

15.  Plaintiff Kapepula was temporarily occupying the Property and – thus – had legal rights as an occupant therein.

16.  On or around October 2, 2021, Plaintiff Kapepula's roommate was attempting to unlawfully evict and eject her from the Property. For example, Plaintiff Kapepula's roommate called the police to have her removed from the Property.

17.  Defendants Kanuck and Does were called to the Property on October 2, 2021, where Plaintiff Kapepula was found on the front porch gathering her belongings.

18.     Defendants Kanuck and Does were quickly informed that the basis for the police call was to evict and eject Plaintiff Kapepula from the Property.

19.     Thereafter, while at the Property, Defendants Kanuck and Does admitted and conceded that they did not have the authority nor jurisdiction to evict Plaintiff Kapepula.

20.     Nonetheless, without any reasonable cause or proper justification, Defendants Kanuck and Does surrounded Plaintiff Kapepula, so that she had no means to leave. As such, an unlawful seizure was taking place.

21.     On numerous occasions, Plaintiff Kapepula pleaded with Officers Kanuck and Does to be left alone, but they continued to restrict her movement.

22.     Further, without any reasonable basis, Officers Kanuck and Does grabbed Plaintiff Kapepula's purse and unlawfully searched her belongings. They did this despite the protests by Plaintiff Kapepula and there was no consent to unreasonably search her belongings.

23.     Next without any reasonable basis or probable cause, Officers Kanuck and Does moved closer to Plaintiff Kapepula in a threatening manner. Plaintiff Kapepula pleaded with the officers to leave her alone.

24.     Officers Kanuck and Does did not leave Plaintiff Kapepula alone, but in fact, brought her to the ground and unlawfully attempted to handcuff her.

25.     While in the process of handcuffing her, the use of force was so extreme that it snapped Plaintiff Kapepula's left arm. She was caused to suffer a left closed distal third spiral humeral fracture.

26.     Defendants Kanuck and Does in attempting to effectuate an arrest and in handcuffing Plaintiff Kapepula used excessive and unreasonable force.

27. Plaintiff Kapepula was immediately brought to LGH Emergency Department, where she was evaluated and placed in a posterior splint and sling. On October 7, 2021, Plaintiff Kapepula underwent an open reduction and internal fixation surgery for her broken arm.

28. As an attempt to cover-up their grotesque and inhumane actions which violated Plaintiff Kapepula's civil rights, Officer Kanuck and Does has the audacity to cite Plaintiff Kapepula with summary offenses for public drunkenness and trespass.

29. Knowing how false these charges were, Officers Kanuck and Does did not even bother to show up to the hearing at the Magisterial District Level and the summary offenses were dismissed.

30. Based upon the circumstances, Defendants had no reasonable nor cognizable basis for utilizing excessive force, searching her personal belongings and seizing her, including the assault and battery upon Plaintiff Kapepula.

31. Plaintiff Kapepula suffered and continues to suffer physical, emotional, and psychological anguish, pain, and stress from this incident.

32. The acts of excessive force by Defendants Lancaster; LPD; Kanuck; and Does against Plaintiff Kapepula were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff Kapepula.

33. Plaintiff Kapepula further endured and will continue to endure physical deformity and scarring as a result of the excessive and unreasonable force used by Defendants Kanuck and Does.

34. The actions of Defendants Kanuck and Does were shockingly violent and the use of excessive force and the battery and assault were done without any justification.

35. Upon information and belief, Defendant Kanuck has since been transferred to a different police department.

36.  The foregoing actions of Defendants Lancaster; LPD; Kanuck; and Does were reckless, criminal, outrageous, conscience shocking and intentional.

37.  It is sad that still in today's world a young, African-American woman is still subjected to heinous offenses by law enforcement. Plaintiff Kapepula demands justice for having her civil rights violated.

### COUNT I – CIVIL RIGHTS – 42 U.S.C. § 1983

**Plaintiff Kapepula v. Defendants, City of Lancaster; Lancaster Police Department; Kanuck; and John Does 1-10 for Use of Excessive Force**

38.  The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

39.  As described above, Defendants Lancaster; LPD; Kanuck; and Does used excessive force against Plaintiff Kapepula on October 2, 2021, without provocation and without legitimate penal justification.

40.  The actions of Defendants Lancaster; LPD; Kanuck; and Does were performed under color of state law, and violated Plaintiff Kapepula's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Said rights, privileges and immunities include the right to body integrity; the right to be free from the use of excessive force; the right to be free from unreasonable seizures and searches.

41.  The acts of Defendants were done with the purpose and intent of depriving Plaintiff Kapepula of her rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution.

42.  The acts of Defendants, as set forth in this complaint, were done willfully, maliciously, and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities

and privileges guaranteed to Plaintiff Kapepula by the Fourth and Fourteenth Amendments to the United States Constitution.

### COUNT II – VIOLATION OF PLAINTIFF KAPEPULA'S FOURTEENTH AMENDMENT RIGHTS

**Plaintiff Kapepula v. Defendants, City of Lancaster; Lancaster Police Department; Kanuck; and John Does 1-10**

43. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

44. Defendants' actions errors and omissions, as more fully described in the factual section of the within complaint, constituted violations of Plaintiff Kapepula's rights, privileges and immunities, as secured by the Fourteenth Amendment to the United States Constitution. Said rights, privileges and immunities include the right to due process and equal protection of the law which encompasses her right to body integrity; the right to be free from the use of excessive force; and the right to be free from unreasonable seizures and searches. Further, Plaintiff Kapepula had the right to be free from being falsely arrested.

45. The acts of Defendants were done with the purpose and intent of depriving Plaintiff Kapepula of her rights secured to her by the Fourteenth Amendment to the United States Constitution.

46. The acts of Defendants, as set forth in this Complaint, were done willfully, maliciously and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities and privileges guaranteed to Plaintiff Kapepula by the Fourteenth Amendment to the United States Constitution.

### COUNT III – ASSAULT AND BATTERY

**Plaintiff Kapepula v. Defendants Kanuck and John Does 1-10**

47. The preceding paragraphs and allegations are incorporated by reference as though fully set forth herein.

48. Defendants Kanuck and Does caused Plaintiff Kapepula to suffer a left closed distal 3rd spiral humeral fracture without justice or reasonable cause for the same constituting an unlawful assault and battery upon Plaintiff Kapepula's person.

49. As a result of such, Plaintiff Kapepula underwent surgery for open reduction and internal fixation due to the displaced and transverse nature of the fracture. Plaintiff Kapepula suffered and continues to suffer physical, emotional, and psychological anguish, pain, and stress from this assault and battery. Further, Defendants Kanuck and Does against Plaintiff Kapepula caused serious and ongoing physical and psychological injuries to Plaintiff Kapepula. Plaintiff Kapepula has suffered scarring and disfigurement and she has incurred and may hereafter incur expenditures for medical care, nursing, medications, and related expenditures.

50. Plaintiff Kapepula further endured and will continue to endure physical deformity and scarring as a result of the excessive and unreasonable force used by Defendant Kanuck and Defendants Does.

## JURY DEMAND

Plaintiff Kapepula demands a jury determination of all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Kapepula asks the Court to:

a. Enter judgment in her favor, against all Defendants;

b. Award her compensatory damages against all Defendants (this includes but is not limited to pain and suffering, loss of life's pleasures, disfigurement, emotional distress, loss of past and future wages, past and future medical bills/costs);

c. Award exemplary and punitive damages against Defendants;

d. Award such interest as the law permits;

e. Award Plaintiff Kapepula attorney fees and costs pursuant to 42 U.S.C. § 1988; and

f. Provide Plaintiff Kapepula with such other and further relief as the Court deems just and equitable.

**Respectfully submitted:**

| TOWN LAW LLC | STROKOVSKY LLC |
|---|---|
| By: */s/ Ian V. Gallo* | By: */s/ Jordan Strokovsky* |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| Ian V. Gallo, Esq. | Jordan Strokovsky, Esq. |
| Attorney ID No. 320758 | Attorney ID No. 318811 |
| 1650 Market Street | 1650 Market Street |
| Suite 3669 | Suite 3600 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| 917-974-6091 | 215-317-6545 |
| Fax: 610-813-4944 | Fax: 215-501-5556 |
| igallo@thetownlaw.com | jordan@actionafterinjury.com |
| Dated: November 29, 2022 | Dated: November 29, 2022 |