## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALOME KAPEPULA, | Docket No.: 22-CV-04741 |
| Plaintiffs, | |
| v. | |
| CITY OF LANCASTER, LANCASTER POLICE DEPARTMENT, DEREK R. KANUCK, and OFFICER JOHN DOES 1-10, | |
| Defendants. | |

## NOTICE UNDER LOCAL RULE 7.1

Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck, by and through their counsel, have filed a Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and have served a copy of same to Plaintiff's counsel via the CM/ECF system. Any Reply or opposing Memorandum is due by **February 16, 2023**. If no responsive Brief is filed within that time period, the Court may grant Defendants' Motion as uncontested.

Respectfully submitted,

**WILLIAM J. FERREN & ASSOCIATES**

By: /s/ *Christine E. Munion*
Christine E. Munion, Esquire
I.D. No.: 72724
P.O. Box 2903
Hartford, CT 06104
(215) 274-1731
cmunion@travelers.com
Attorney for Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALOME KAPEPULA,                                    Docket No.: 22-CV-04741

       Plaintiffs,

       v.

CITY OF LANCASTER, LANCASTER
POLICE DEPARTMENT, DEREK R.
KANUCK, and OFFICER JOHN DOES 1-
10,

       Defendants.

**DEFENDANT CITY OF LANCASTER, LANCASTER POLICE DEPARTMENT AND DEREK KANUCK'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

    NOW COMES, Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck, ("Defendants") by and through their counsel, Christine E. Munion, Esquire and the law offices of William J. Ferren & Associates, and hereby files this Partial Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof avers as follows:

    1.    On November 29, 2022, Plaintiff filed a Complaint against the City of Lancaster, Lancaster Police Department and Derek Kanuck sounding in Fourth and Fourteenth Amendment violations and assault and battery.

    2.    Defendants filed a Motion to Dismiss the Complaint.

    3.    On January 23, 2023 Plaintiff filed an Amended Complaint.

    4.    Plaintiff's Fourteenth Amendment cause of action (Count III) must be dismissed since Plaintiff's causes of action are covered under the Fourth Amendment and not the Fourteenth Amendment.

WHEREFORE Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck, respectfully requests that this Honorable Court grant their Partial Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

                              Respectfully submitted,

                              **WILLIAM J. FERREN & ASSOCIATES**

By:    */s/ Christine E. Munion*
        Christine E. Munion, Esquire
        I.D. No.: 72724
        P.O. Box 2903
        Hartford, CT 06104
        (215) 274-1731
        cmunion@travelers.com
        Attorney for Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALOME KAPEPULA, | Docket No.: 22-CV-04741 |
| Plaintiffs, | |
| v. | |
| CITY OF LANCASTER, LANCASTER POLICE DEPARTMENT, DEREK R. KANUCK, and OFFICER JOHN DOES 1-10, | |
| Defendants. | |

**DEFENDANTS CITY OF LANCASTER, LANCASTER POLICE DEPARTMENT AND DEREK KANUCK'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

I. **RELEVANT FACTS**

On October 2, 2021, Plaintiff was arrested. During this arrest Plaintiff's left arm was fractured. Plaintiff filed an Amended Complaint sounding in Fourth and Fourteenth Amendment violations and assault and battery. Defendants City of Lancaster, Lancaster Police Department and Derek Kanuck now file this Partial Motion to Dismiss the Amended Complaint.

II. **STANDARD OF REVIEW**

A motion under Rule 12(b)(6) tests the sufficiency of a Complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a Complaint contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief "in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A Complaint must contain "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009). A formulaic recitation of the elements of a cause

of action does not suffice to meet the Rule 8 obligation of a "short and plain statement" of the claim and its grounds. Twombly, 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a 12(b)(6) Motion. Iqbal, 129 S. Ct. at 1950.

### III. STATEMENT OF QUESTIONS INVOLVED

A. Should the Fourteenth Amendment cause of action (Count II) be Dismissed?

**SUGGESTED ANSWER: Yes.**

### IV. ARGUMENT

The Equal Protection Clause of the Fourteenth Amendment prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. It guarantees fairness and equality in the treatment of individuals by government officials. See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Washington v. Davis, 426 U.S. 229, 239–42, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Selective enforcement of law or regulations motivated by an individual's race may give rise to a violation of the Fourteenth Amendment. See Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Bradley v. United States, 299 F.3d 197, 205 (3d Cir.2002).

In this matter, Plaintiff fails to assert sufficient facts to support an equal protection claim. Plaintiff simply concludes that her equal protection rights were violated. See Document #5 paragraph 70.

Similarly, Plaintiff failed to plead sufficient facts to support a due process causes of action. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)

(*citing* Dent v. West Virginia, 129 U.S. 114, 123, 9 S.Ct. 231, 32 L.Ed. 623 (1889)). Substantive due process prevents government from exercising power without a legitimate objective. County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (*citing* Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). To succeed on a substantive due process claim, Plaintiff must show conduct by the Defendants which shocks the conscience. The conduct must be evaluated within the context of the particular event. See, e.g., Nicini v. Morra, 212 F.3d 798, 810 (3d Cir.2000) (*citing* Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir.1999)). There is no clear explanation of what conduct is conscience-shocking, but the Supreme Court has stated that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Lewis, 523 U.S. at 849, 118 S.Ct. 1708 (*citing* Daniels, 474 U.S. at 331, 106 S.Ct. 662).

The Supreme Court has ruled that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under the 'Substantive Due Process' approach." Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); **see also** Lewis, 523 U.S. at 843, 118 S.Ct. 1708 ("Substantive due process analysis is therefore inappropriate in this case only if respondent's claim is 'covered by' the Fourth Amendment."). Therefore, Substantive Due Process violations should be analyzed under the Fourth Amendment and not the Fourteenth Amendment.  **See also** United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) ("Graham simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); Brice v. City of York, 528

F. Supp. 2d 504, 515 (M.D. Pa. 2007) (The state-created danger claim cannot be predicated upon the force used to arrest the plaintiff).  Therefore, Count III should be dismissed since Plaintiff's causes of action stem directly from the use of force, alleged unreasonable search and seizure and false arrest.

## V.  CONCLUSION

WHEREFORE, Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck, respectfully request that this Honorable Court Grant their Partial Motion to Dismiss Plaintiff's Amended Complaint, and enter the proposed Order attached hereto.

Respectfully submitted,

**WILLIAM J. FERREN & ASSOCIATES**

By:  */s/ Christine E. Munion*
Christine E. Munion, Esquire
I.D. No.:  72724
P.O. Box 2903
Hartford, CT  06104
(215) 274-1731
cmunion@travelers.com
Attorney for Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2023, I electronically filed the foregoing **PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) AND MEMORANDUM IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will be sent to the following:

Jordan Strokovsky, Esquire
Strokovsky, LLC
1650 Market Street
Suite 3600
Philadelphia, PA
jordan@actionafterinjury.com
(*Counsel for Plaintiff*)

Ian V. Gallo, Esquire
Town Law, LLC
1650 Market Street
Suite 3669
Philadelphia, PA 19103
igallo@thetownlaw.com
(Co-*Counsel for Plaintiff*)

Respectfully submitted,

**WILLIAM J. FERREN & ASSOCIATES**

By: _/s/ Christine E. Munion_
Christine E. Munion, Esquire
I.D. No.: 72724
P.O. Box 2903
Hartford, CT  06104
(215) 274-1731
cmunion@travelers.com
Attorney for Defendants, City of Lancaster, Lancaster Police Department and Derek R. Kanuck